IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| ANGELA WOODROOF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| ) | |
| THE VANDERBILT UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

For her Complaint against defendant The Vanderbilt University ("Vanderbilt"), plaintiff Angela Woodroof ("plaintiff") states:

## PARTIES

1. Plaintiff is a resident of Nashville, Tennessee and former employee of defendant Vanderbilt. Plaintiff worked for Vanderbilt at the Medical Center from approximately September 27, 2010 until she was terminated on July 2, 2013.

2. Defendant Vanderbilt is a Tennessee corporation with its principal place of business in Nashville, Tennessee. At all relevant times, defendant Vanderbilt employed more than 15 individuals, including plaintiff. Defendant Vanderbilt may be served with process through its registered agent, General Counsel, 305 Kirkland Hall, Nashville, Tennessee 37240.

## JURISDICTION AND VENUE

3. This is an action for damages and equitable relief for unlawful employment practices brought under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, ("FMLA"). The Court has jurisdiction under 28 U.S.C. §§ 1331. Venue is proper under 28

U.S.C. § 1391.

## FACTS

4. Plaintiff is a pharmacy technician licensed by the State of Tennessee since 2008. She began her employment with defendant as a pharmacy technician on or about September 27, 2010, and she performed her job duties for defendant in an exemplary manner such that she received positive job performance evaluations and pay increases in April 2011 and April 2012.

5. In late 2012, plaintiff was suffering from complications related to her serious health conditions, hypertension and diabetes, that caused her on occasion to be unable to attend work and perform her job.

6. Defendant determined that plaintiff was eligible for interment FMLA leave, and plaintiff began to utilize intermittent FMLA leave beginning January 1, 2013.

7. Prior to plaintiff's approval for and use of her company-approved and federally-protected FMLA leave, plaintiff had not been counseled or reprimanded in her work for defendant.

8. Following plaintiff's approval for and use of her company-approved and federally-protected FMLA leave, defendant's supervisors attitude towards plaintiff and her work drastically and negatively changed.

9. In February 2013, plaintiff's supervisor Lisa Dunlap warned plaintiff that it was not good for her to miss work, that her job position was full-time, and that her job required forty hours per week.

10. In March 2013, after a co-worker made a complaint of some sort about plaintiff, defendant did not investigate the incident or ask plaintiff for her version of the incident and instead treated plaintiff as if she had done something wrong when she had not.

11. In April 2013, without have previously warned or counseled plaintiff, defendant gave plaintiff a negative job evaluation and told her for the first time that she had a bad attitude" and was "difficult to work with."

12. On April 26, 2013, defendant placed plaintiff on a thirty-day "Performance Accountability Plan" and informed her that it would have weekly meetings with her to assess her immediate response to defendant's expectations.

13. On July 1, 2013, plaintiff was absent from work because of her serious health condition and notified defendant that she was utilizing an FMLA absence.

14. On July 2, 2013, without having met with plaintiff even once after placing her on a "Performance Accountability Plan," defendant called plaintiff to a meeting and terminated her employment.

15. Defendant told plaintiff that it was terminating her employment because she had a negative performance evaluation three months prior.

16. Defendant's stated reason for its termination decision is false. In fact, defendant gave plaintiff a negative job evaluation, placed her on a "Performance Accountability Plan" and terminated her employment because of her FMLA leave in violation of the FMLA.

## CLAIM FOR VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### (INTERFERENCE AND RETALIATION)

17. Plaintiff hereby incorporates and realleges the factual averments as set forth in paragraphs 1 through 16 herein.

18. At all times pertinent to this action, plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2)(A).

19. At all times pertinent to this action, defendant was an "employer" within the

3

meaning of the FMLA, 29 U.S.C. § 2611(4).

19. Plaintiff's hypertension and diabetes conditions constituted a "serious health condition" under the FMLA, 29 U.S.C. § 2611(11).

20. Plaintiff was under the continuous care of a physician, 29 U.S.C. § 2611(11)(B).

21. Defendant's employment decision affecting plaintiff deprived plaintiff of the benefits and rights to which she was entitled pursuant to the FMLA.

22. Defendant interfered with plaintiff's rights under the FMLA by unlawfully giving plaintiff a negative job evaluation, placing her on a "Performance Accountability Plan" and terminating her employment

23. Defendant retaliated against plaintiff for requesting, applying for and using FMLA-protected leave.

24. Defendant's giving plaintiff a negative job evaluation, placing her on a "Performance Accountability Plan" and terminating her employment were unlawful and constitute "prohibited acts" within the meaning of the FMLA.

25. Plaintiff has suffered and will continue to suffer direct pecuniary losses as a result of defendant's violations of the FMLA.

26. As a result of its actions, defendant is liable to plaintiff in an amount to be determined by the jury for the damages plaintiff has incurred as well as for liquidated damages.

27. As a result of its actions, defendant is liable for plaintiff's attorneys' fees.

28. As a result of its actions, defendant is obligated to make plaintiff whole for all lost earnings and benefits.

**WHEREFORE,** premises considered, plaintiff demands the following relief:

1. A jury trial and entry of judgment in her favor;

2. Back pay and damages for lost benefits;

3. Instatement or, alternatively, front pay and damages for lost benefits;

4. Attorneys' fees and expenses;

5. Prejudgment interest and, if applicable, post judgment interest; and

6. Such other and further legal or equitable relief to which she may be entitled.

Respectfully submitted,

_____
Stephen W. Grace, TN No. 14867
1019 16TH Avenue South
Nashville, TN 37212
(615) 255-5225

_____
Kerry Knox, TN No. 23302
117 South Academy Street
Murfreesboro, TN 37130
(615) 896-1000
ATTORNEYS FOR PLAINTIFF